UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TOSHAIE A. MCNAIR,<br><br>     Plaintiff,<br><br>v.<br><br>HACKENSACK UNIVERSITY<br>MEDICAL CENTER, *et al.*,<br><br>     Defendants. | Civil Action No. 25-04270 (JXN)(JSA)<br><br>**OPINION** |

**NEALS**, District Judge

  Before the Court is *pro se* Plaintiff Toshaie A. McNair's ("Plaintiff") application to proceed *in forma pauperis* ("IFP") (ECF No. 1-1) and Complaint ("Compl.") (ECF No. 1) against the Hackensack University Medical Center and staff members Mijail Carrion, Nira Singh, and John and Jane Does 1-10 (collectively, "Defendants"). Based on the information contained in the Plaintiff's IFP application, the Court finds that leave to proceed in this Court without prepayment of fees is authorized under 28 U.S.C. § 1915 and will therefore order the Clerk of the Court to file Plaintiff's Complaint. As the Court grants Plaintiff's IFP application, the Complaint is subject to *sua sponte* screening pursuant to 28 U.S.C. § 1915(e)(2). For the reasons set forth below, Plaintiff's Complaint will be **DISMISSED**.

**I. BACKGROUND**[1]

  Plaintiff filed this action against Hackensack University Medical Center and certain staff members for violating Plaintiff's rights under the U.S. Constitution and causing his false

---

[1] The Court will accept as true the factual allegations in the Complaint for the purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations. *Denton v. Hernandez,* 504 U.S. 25, 32 (1992) ("[T]he § 1915(d) frivolousness determination . . . cannot serve as a factfinding process for the resolution of disputed facts.")

imprisonment. (Compl. at 4, 8-9, 13-15.)[2] In the Complaint, Plaintiff asserts claims pursuant to 42 U.S.C. § 1983. (*See generally* Compl.)

According to the Complaint, on September 19, 2024, Plaintiff accompanied his mother, Gloria McNair ("Ms. McNair"), to Hackensack University Medical Center ("HUMC"), where she received treatment. (*Id.* at 12.) While Ms. McNair was being transported between sections of the hospital, Plaintiff alleges that he was assaulted by Mijail Carrion, a nurse at HUMC, initiating the chain of events leading to his claim of false imprisonment. (*Id.* at 4, 8-9, 13-15.) Plaintiff alleges that Defendants are liable under a theory of supervisory liability and deprived Plaintiff of life and liberty in violation of the Fifth Amendment, caused cruel and unusual punishment in violation of the Eighth Amendment, and disregarded due process in violation of the Fourteenth Amendment. (*Id.* at 4, 6-7.)

## II. LEGAL STANDARD

In submitting the IFP application, the Complaint is subject to *sua sponte* screening and may be dismissed if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards." *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019). Indeed, the Court must dismiss any claim, prior to service, that fails to state a claim under which relief may be granted under Fed. R. Civ. P. 12(b)(6) or dismiss any defendant who is immune from suit. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b), and 42 U.S.C. § 1997e(c).

Federal Rule of Civil Procedure 8(a) requires that a complaint contain:

> (1) [A] short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) [A] short and plain statement of the claim showing that the pleader is entitled to relief; and

---

[2] The Court refers to the ECF Header page numbers.

>     (3) [A] demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

To survive *sua sponte* screening for failure to state a claim, a complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (citation omitted). "[A] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In screening a complaint to verify whether it meets these standards, however, this Court is mindful of the requirement that *pro se* pleadings must be construed liberally in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. *Deutsch v. United States*, 67 F.3d 1080, 1086–87 (3d Cir. 1995).

In matters where a plaintiff proceeds *pro se*, district courts are required to construe the complaint liberally. *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 32 (3d Cir. 2011). "Yet there are limits to [district courts'] procedural flexibility" and "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citing *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996)).

### III.  DISCUSSION

In the Complaint, Plaintiff alleges Defendants violated his Fifth, Eighth, and Fourteenth Amendment rights and brings this suit under 42 U.S.C. § 1983. (Compl. at 4.) Having screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court finds that the Plaintiff has failed to adequately plead facts suggesting his constitutional rights were violated by a state actor.

#### A. Claims Against Mijail Carrion, Nira Singh, and John and Jane Does 1-10 (Hackensack University Medical Center Staff and Security Personnel) as State Actors

To state a claim under § 1983, a plaintiff must allege the defendant violated a right protected by the Constitution or laws of the United States while acting under the color of state law. *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 580-81 (3d Cir. 2003). As a threshold matter, Plaintiff has failed to provide any information that would enable the Court to determine whether the defendants are "state actors," as required for federal question jurisdiction and to bring a claim under § 1983. Therefore, these claims will be dismissed without prejudice.

#### B. Claims Under the Theory of Supervisory Liability

Under 42 U.S.C. § 1983, supervisors cannot be held liable based solely on a theory of *respondeat superior*. *McKinney v. Passaic Cnty. Prosecutor's Office*, 2008 WL 4104448, *5 (D.N.J. 2008); *see Natale*, 318 F.3d at 583–84. In a civil rights action, a defendant must be personally involved in the alleged wrongs. *Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir. 1988). Plaintiffs must allege that a failure to provide more or different supervision or training is deliberate in a manner that the failure can be said to represent an official policy, and that policy results in constitutional violations. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389 (1989).

As stated, Plaintiff has failed to provide any information that would enable the Court to determine whether the defendants are "state actors," as required for federal question jurisdiction

and to bring a claim under § 1983. Plaintiff is not relieved of this requirement as a prerequisite to supervisory liability.

Plaintiff does not allege facts that suggest Hackensack University Medical Center staff and security personnel established and/or implemented any policy that might have resulted in the violation of Plaintiff's constitutional rights. Instead, Plaintiff bases his allegations on broad claims of training failures, violations of state and federal laws, and violations of Occupational Safety and Health Administration standards, without citing any specific laws or policies that were allegedly violated or implemented. Therefore, Plaintiff's claims under the theory of supervisory liability will be dismissed without prejudice.

### IV.   CONCLUSION

For the reasons stated above, Plaintiff's IFP application (ECF No. 1-1) is **GRANTED**, and the Complaint (ECF No. 1) is **DISMISSED**; Plaintiff's § 1983 claims against Mijail Carrion, Nira Singh, and John and Jane Does 1-10 are **DISMISSED** *without prejudice.* Plaintiff's § 1983 claims against HUMC are **DISMISSED** *with prejudice*. To the extent Plaintiff can cure the deficiencies in his Complaint, the Court will give Plaintiff the opportunity to file an amended complaint within thirty (30) days of this Opinion and the corresponding Order. If Plaintiff does not file an amended complaint within the time specified above, the Complaint will be dismissed with prejudice in its entirety. An appropriate Form of Order accompanies this Opinion.

**DATED**:   2/2/2026

_____
HONORABLE JULIEN XAVIER NEALS
United States District Judge